

The following constitutes the order of the Court.
Signed: December 9, 2025

_____

**Charles Novack**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re:

ANGELA ELEANOR SANDERS,

          Debtor.

Case No.  25-41255 CN
Chapter 13

**ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION**

On November 18, 2025, the court conducted a hearing on Debtor Angela Sanders' motion for reconsideration (the "Motion").  Debtor seeks reconsideration of the court's October 7, 2025, and October 14, 2025 orders (the "October 7 Order", the "October 14 Order" and together, the "Orders") granting creditor US Bank National Trust Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust ("US Bank") relief from stay pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(4).[1]  Appearances were as noted in the record.  The court has reviewed the Motion, US Bank's Opposition, Debtor's Reply and the docket in this case, and has considered the arguments of the parties at the November 18 hearing.  For the following reasons, the Motion is denied.

The underlying factual history is extensive and well known by the parties and will not be repeated here.  For purposes of this Order, the court incorporates the facts outlined in the October 7 Order.

Initially, the court notes that while titled as such, the Federal Rules do not recognize a motion for reconsideration.  *Captain Blythers, Inc. v. Thompson (In re Captain Blythers,*

---

[1] *See* Docket ## 42 and 46.

*Inc.)*, 311 B.R. 530, 539 (9th Cir. BAP 2004).  Thus, if a motion for reconsideration is filed within 14 days of the entry of the judgment, it is treated as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) (made applicable here by Federal Rule of Bankruptcy Procedure 9023).  *Am. Ironworks & Erectors, Inc. v. North Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). [2]  If it is filed outside the 14-day period, it is treated as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) (made applicable here by Federal Rule of Bankruptcy Procedure 9024).  *Id.*  Here, the final order granting relief from the automatic stay (i.e., the October 14 Order) was entered on October 15, 2025.  Debtor filed the Motion on October 22, 2025, seven days after the entry of the order.  Thus, the Motion will be treated as a motion to alter or amend a judgment under Civil Rule 59(e).

In general, a bankruptcy court may grant a Rule 59(e) motion if: (1) such motion is necessary to correct manifest errors of law or fact upon which the judgment rests or to prevent manifest injustice; (2) such motion is necessary to present newly discovered or previously unavailable evidence; or (3) the amendment is justified by an intervening change in controlling law. *Allstate Ins. Co. V. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted).  "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (quoting *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (per curiam)); *see also*, *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application).  Courts have considerable discretion to decide a Rule 59(e) motion.  *Id.* (citing *Turner v. Burlington N. Santa Fe R.R.*

---

[2] The current version of Federal Rule of Civil Procedure 59(e) provides that a party may file a motion to alter or amend a judgment within 28 days after entry of a judgment or order.  Fed.R.Civ.P. 59(e).  Federal Rule of Bankruptcy Procedure 9023 incorporates Civil Rule 59(e), but modifies the timing of Civil Rule 59(e) to require that a motion to alter or amend a bankruptcy court judgment or order be filed within 14 days after entry of a judgment or order.  Fed.R.Bankr.P. 9023(a) and (b).

Case: 25-41255   Doc# 104   Filed: 12/09/25   Entered: 12/09/25 18:17:30   Page 2 of 7

*Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)).  Application of the elements to this case do not support reconsideration of the Orders.

First, Debtor does not allege, and the court is not aware of, any intervening change in the law regarding relief from stay.  Thus, relief is not appropriate on this ground.

Second, while Debtor did not argue newly discovered evidence as a basis to grant the Motion, her Reply references and attaches a Limited Power of Attorney executed by US Bank that Debtor "recently located" in the public records.  It is not clear how this document relates to the Motion.  What is clear, however, is Debtor's intent to continue to challenge the standing and conduct of US Bank and its representatives, despite specific and final rulings by this court that have conclusively established this issue.  To the extent Debtor is attempting to argue that the Limited Power of Attorney is "newly discovered evidence" sufficient to grant reconsideration, the court disagrees.  It simply reinforces the court's determination in the October 7 Order that this filing is a bad faith continuation of Debtor's efforts to avoid paying the debt on the Property.

Debtor's Reply also refers to correspondence that US Bank (via its servicer Fay Servicing) recently sent offering loss mitigation options.  While a hopeful sign for Debtor, it is of no import to this court in ruling on the Motion.  The fact that US Bank may consider loss mitigation options does not change the fact that it requested relief from stay and there were ample grounds to grant that request.  How US Bank decides to recover the value of its debt is entirely up to it.  Thus, to the extent this is "newly discovered evidence," it is insufficient to disturb the Orders.  *See*, *Jones v. Aero/Chem Corp.*, 921 F.2d 875 (9th Cir. 1990) (newly discovered evidence does not warrant a new trial in absence of showing that outcome would be different).

The crux of Debtor's argument appears to be that reconsideration is necessary to correct manifest errors of law or fact and/or to prevent manifest injustice.  A "manifest error of fact or law must be one 'that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'"  *Venti v. Xerox Corp.*, 2023 WL 7135149, at *1 (D. Idaho, Oct. 30, 2023) (citation omitted); *In re*

*Oak Park Calabasas Condo. Ass'n,* 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003); *see also, In re Rivera*, 627 B.R. 765, 775 (1st Cir. BAP 2021) ("The court usually must have a 'clear conviction of error' or believe that the final judgment was 'dead wrong' before it will alter or amend a judgment on the basis of manifest error. Mere disagreement with how the court weighed the facts or interpreted the case law does not constitute a manifest error justifying reconsideration."). A manifest injustice is defined as "an error in the trial court that is 'direct, obvious, and observable.'" *Venti v. Xerox Corp.*, 2023 WL 7135149 at *1 (citing Black's Law Dictionary, 11th Ed. 2019); *In re Oak Park Calabasas Condo. Ass'n,* 302 B.R. at 683.

Debtor argues that reconsideration is required because she believed that the court would provide guidance as to how to amend her plan prior to issuing the Orders. Her belief was mistaken. The court has reviewed the audio recording of the September 19, 2025 hearing. Nowhere during that hearing did the court represent to Debtor that it would be providing her guidance regarding amendments to her chapter 13 plan at all, let alone prior to issuing the Orders.[3] Thus, to the extent there was any error of fact, it was Debtor's error, not the court's.

Debtor also argues that if the court had waited until she filed her amended plan, there would have been no legal or factual basis for entry of the Orders. Debtor oversimplifies this court's reasoning for the Orders and ignores the history that led to their entry. While the October 7 Order does reference the infirmities in Debtor's then-pending proposed chapter 13 plan, the bulk of the order outlines the Debtor's multi-year and multi-bankruptcy scheme to prevent US Bank from enforcing its rights which, by itself, was cause to grant relief from stay. The filing of an amended plan would not have changed the result.

Finally, Debtor argues that she has been diligent and is prosecuting this current bankruptcy case and chapter 13 plan in good faith. To the extent that this court's finding

---

[3] The court does not represent Debtor, and any "guidance" would have constituted an impermissible advisory opinion.

Case: 25-41255    Doc# 104    Filed: 12/09/25    Entered: 12/09/25 18:17:30    Page 4 of 7

of a "scheme" under § 362(d)(4) addresses this contention, the court refers Debtor to the Orders.  Regardless, Debtor undercuts her argument in the Reply, wherein she specifically reserves her rights to once again challenge the standing and conduct of US Bank and its representatives. Debtor's insistence on relitigating issues that have been resolved conclusively in this court and on appeal undermines her claim that she is attempting in good faith to repay her debts through this chapter 13 plan and shows that her true intent remains the same – to prevent US Bank from enforcing its rights against her property.  For the above reasons, the Orders are not based on manifest errors of law or fact and the court's denial of reconsideration will not result in manifest injustice.  Thus, there is no basis to grant reconsideration under Rule 59(e).

Alternatively, Debtor argues that reconsideration of the Orders is appropriate under Rule 60(b) based on Debtor's mistake or excusable neglect.  As noted previously, the timing of the filing of the Motion does not require the court to consider a request for relief under Rule 60(b).  Even if it did, however, there is no basis to grant the Motion.

Rule 60(b)(1) provides "On motion and just terms, the court may relieve a party. . . from a final judgment, order, or proceeding for[:] mistake, inadvertence, surprise, or excusable neglect[.]"  Fed.R.Civ.P. 60(b)(1).  Determination of whether neglect is "excusable" is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether movant acted in good faith. *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).

Debtor argues that any delay in filing an amended plan was due to her (erroneous) belief that the court was going to provide her guidance as to how to amend the plan.  Debtor further argues that this belief constitutes "mistake" or "excusable neglect" sufficient to reconsider the Orders.  Debtor's argument rests on the premise that relief from stay would not have been granted if the court had the benefit of Debtor's amended plan when it issued

the Orders.  For the reasons previously stated, that premise is incorrect.  Regardless of the existence of an amended plan, there was sufficient cause to grant relief from stay.  Debtor's mistaken belief is irrelevant and there is no basis to grant relief under Rule 60(b).

For all the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion is denied.

**\*\*\*END OF ORDER\*\*\***

Case: 25-41255    Doc# 104    Filed: 12/09/25    Entered: 12/09/25 18:17:30    Page 6 of 7

Case No. 25-41255 CN

## <u>COURT SERVICE LIST</u>

**Angela Eleanor Sanders**
601 Napa Avenue
Rodeo, CA 94572

Other recipients are ECF participants.

- 7 -